1  THE TERRELL LAW GROUP
   REGINALD TERRELL SB#127874
2  223 25ᵗʰ Street
   Richmond, CA 94804
3  Telephone: 510-237-9700
   Facsimile: 510-237-4616
4
   AMAMGBO & ASSOCIATES
5  DONALD AMAMGBO
   7901 Oakport Street, Suite 4900
6  Oakland, CA 94621
   Telephone: 510-615-6000
7  Facsimile: 510-615-6025

8  BLACKWELL & BLACKWELL
   JUDITH BLACKWELL
9  584 Valla Vista Avenue
10 Oakland, CA 9410
   Telephone: 510-689-8888
11 Facsimile: 510- 835-2848

12 LAWRENCE D. NWAJEI
   LAW OFFICES OF NWAJEI & COMPANY
13 4221 Wilshire Blvd., Suite 392
14 Los Angeles, CA 90010
   Telephone: 323-549-0201
15 Facsimile: 323-549-0211

16 Attorneys for Plaintiff
17 Jacob Greenwell

ADR

18
19                    UNITED STATES DISTRICT COURT

20                  NORTHERN DISTRICT OF CALIFORNIA

   Jacob Greenwell, on behalf of himself and    Case No.: C07-01524 EDL
   all others similarly situated,
                                                 **CLASS ACTION COMPLAINT**
                         Plaintiff,

28
                                                                            1
                         CLASS ACTION COMPLAINT

| | |
|---|---|
| 1  Samsung Electronics Co. Ltd. , Samsung<br>Semiconductor, Inc., Hynix<br>2  Semiconductor, Inc., Hynix Semiconductor<br>America, Inc., Micron Technology, Inc.,<br>3  Micron Semiconductor Products, Inc.,<br>Lexar Media, Inc., Renesas Technology<br>4  Corporation, Renesas Technology America,<br>Inc., Toshiba America Corporation,<br>5  Toshiba America Electronic Components,<br>Inc., Hitachi Ltd., Hitachi America Ltd.,<br>6  Hitachi Electronic Devices (USA), Inc.,<br>Mitsubishi Electric Corporation, Mitsubishi<br>7  Electric & Electronics USA, Inc., Mosel-<br>Vitelic Corporation, Mosel-Vitelic<br>8  Corporation (USA)<br>9 | **JURY TRIAL DEMANDED** |

1  Samsung Electronics Co. Ltd. , Samsung
2  Semiconductor, Inc., Hynix
   Semiconductor, Inc., Hynix Semiconductor
3  America, Inc., Micron Technology, Inc.,
   Micron Semiconductor Products, Inc.,
4  Lexar Media, Inc., Renesas Technology
   Corporation, Renesas Technology America,
5  Inc., Toshiba America Corporation,
   Toshiba America Electronic Components,
6  Inc., Hitachi Ltd., Hitachi America Ltd.,
7  Hitachi Electronic Devices (USA), Inc.,
   Mitsubishi Electric Corporation, Mitsubishi
8  Electric & Electronics USA, Inc., Mosel-
   Vitelic Corporation, Mosel-Vitelic
9  Corporation (USA)

10                 Defendant,

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1          Plaintiff Jacob Greenwell, by his attorneys, brings this civil action for damages and

2   injunctive relief on behalf of himself and all others similarly situated against the above-named

3   Defendants, and demanding a trial by jury, complains and alleges as follows:

4                                **JURISDICTION AND VENUE**

5          1.        This complaint is filed under Section 16 of the Clayton Act, 15 U.S.C. § 26,

6   to obtain injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, to recover

7   damages under state antitrust and consumer protection laws, and to recover the costs of suit,

8   including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly situated

9   sustained as a result of the Defendants' violations of those laws.

10          2.        The Court has jurisdiction over the federal claim under 28 U.S.C. §§ 1331

11   and 1337. The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 because

12   those claims are so related to the federal claim that they form part of the same case or controversy.

13   The Court also has jurisdiction over the state law claims under 28 U.S.C. § 1332 because the

14   amount in controversy for the class exceeds $5,000,000, and there are members of the class who are

15   citizens of a different state than the defendants.

16          3.        Venue is proper in this District under 15 U.S.C. § 22 and 28 U.S.C. § 1391

17   because defendants reside, transact business, or are found within this District, and a substantial part

18   of the events giving rise to the claims arose in this District.

19          4.        The activities of the Defendants and their co-conspirators, as described

20   herein, were within the flow of, were intended to, and did have a substantial effect on the foreign

21   and interstate commerce of the United States.

22                                    **DEFINITIONS**

23          5.        As used herein, the term Flash Memory ("Flash Memory") means NAND

24   Flash Memory sold during the class period.

25          6.        As used herein, the term "class period" means the time period January 1,

26   1999 through the present.

27

28

                                                                                                    3

                                    CLASS ACTION COMPLAINT

1

## THE PARTIES

2

**A.    The Plaintiff**

3    7.    Plaintiff Jacob Greenwell, a California resident, indirectly purchased Flash

4  Memory from one or more of the Defendants during the class period, for end use and not for resale,

5  and was injured as a result of Defendants' illegal conduct.

6

**B.    The Defendants**

7    8.    Defendant Samsung Electronics Co. Ltd. is a business entity organized under

8  the laws of South Korea, with its principal place of business at Samsung Main Building 250-2 ga,

9  Taepyung-ro Chung-gu, Seoul, Korea. During the time period covered by this Complaint,

10  Defendant Samsung Electronics Co. Ltd. manufactured, sold and distributed Flash Memory to

11  customers throughout the United States.

12    9.    Defendant Samsung Semiconductor, Inc. is a wholly owned and controlled

13  subsidiary of defendant Samsung Electronics Co. Ltd. with its principal place of business at 3655

14  North First Street, San Jose, California 95134. During the time period covered by this Complaint,

15  Defendant Samsung Semiconductor, Inc. sold and distributed Flash Memory to customers

16  throughout the United States. Samsung Electronics Co. Ltd., and Samsung Semiconductor, Inc. are

17  referred to collectively herein as "Samsung".

18    10.    Defendant Hynix Semiconductor, Inc. is a business entity organized under

19  the laws of South Korea, with its principal place of business at SAN 136-1, Ami-Ri Bubal-eub,

20  Ichon-si, Kyongki-do, Korea. During the time period covered by this Complaint, Defendant Hynix

21  Semiconductor, Inc. manufactured, sold and distributed Flash Memory to customers throughout the

22  United States.

23    11.    Defendant Hynix Semiconductor America, Inc. is a wholly owned and

24  controlled subsidiary of defendant Hynix Semiconductor, Inc. with its principal place of business at

25  3101 North First Street, San Jose, California 95134. During the time period covered by this

26  Complaint, Defendant Hynix Semiconductor America, Inc. sold and distributed Flash Memory to

27  customers throughout the United States. Hynix Semiconductor, Inc. and Hynix Semiconductor

28  America, Inc. are referred to collectively herein as "Hynix".

4

12.    Defendant Micron Technology, Inc. is a Delaware Corporation with its principal place of business at 8000 South Federal Way, Boise, Idaho. During the time period covered by this Complaint, Defendant Micron Technology, Inc. manufactured, sold and distributed Flash Memory throughout the United States.

13.    Defendant Micron Semiconductor Products, Inc. is a wholly owned and controlled subsidiary of defendant Micron Technology, Inc. with its principal place of business at 8000 South Federal Way, Boise, Idaho 83716. During the time period covered by this Complaint, Defendant Micron Semiconductor Products, Inc. sold and distributed Flash Memory to customers throughout the United States.

14.    Lexar Media, Inc. was acquired by Micron Technology, Inc. in or about June 2006. Lexar Media, Inc. has its principal place of business at 47300 Bayside Parkway, Fremont, California 94538. During the time period covered by this Complaint, Defendant Lexar Media, Inc. sold and distributed Flash Memory to customers throughout the United States. Lexar Media, Inc., Micron Technology, Inc., and Micron Semiconductor Products, Inc. are referred to collectively herein as "Micron".

15.    Defendant Renesas Technology Corporation is a business entity organized under the laws of Japan with its principal place of business at Marunouchi Building, 4-1, Marunouchi 2-chome, Chiyoda-ku Tokyo 100-6334, Japan. Renesas Technology Corporation was established on or about April 1, 2003 as a joint venture of Hitachi and Mitsubishi. During the time period covered by this Complaint, Defendant Renesas Technology Corporation sold and distributed Flash Memory to customers throughout the United States.

16.    Defendant Renesas Technology America, Inc. is a wholly owned and controlled subsidiary of Renesas Technology Corporation with its principal place of business at 450 Holger Way, San Jose, California, 95134-1368. During the time period covered by this Complaint, Defendant Renesas Technology America, Inc. sold and distributed Flash Memory to customers throughout the United States. Defendants Renesas Technology Corporation and Renesas Technology America, Inc. are referred to collectively herein as "Renesas".

1          17.     Defendant Toshiba America Corporation is a wholly owned and controlled

2 subsidiary of Toshiba Corporation with its principal place of business at 1251 Avenue of the

3 Americas, Suite 4110, CALIFORNIA, CALIFORNIA 10020. During the time period covered by

4 this Complaint, Defendant Toshiba America Corporation manufactured, sold and distributed Flash

5 Memory to customers throughout the United States.

6          18.     Defendant Toshiba America Electronic Components, Inc. is a wholly owned

7 and controlled subsidiary of Toshiba Corporation with its principal place of business located at

8 19900 MacArthur Boulevard Suite 400, Irvine, California 92612. During the time covered by this

9 Complaint, Defendant Toshiba America Electronic Components, Inc. sold and distributed Flash

10 Memory to customers throughout the United States. Toshiba Corporation, Toshiba America

11 Corporation, and Toshiba America Electronic Components, Inc. are referred to collectively herein

12 as "Toshiba".

13         19.     Defendant Hitachi Ltd. is a business entity organized under the laws of Japan,

14 with its principal place of business at 6-1 Marunouchi Center Building 13F Chiyoda-ku, Tokyo,

15 100-8220, Japan. During the class period, Hitachi Ltd. sold and distributed Flash Memory to

16 customers throughout the United States.

17         20.     Defendant Hitachi America Ltd. is a wholly owned and controlled subsidiary

18 of defendant Hitachi Ltd. Hitachi America Ltd. is a business entity organized under the laws of

19 CALIFORNIA, with its principal place of business at 50 Prospect Avenue, Tarrytown,

20 CALIFORNIA 10591. During the class period, Hitachi America Ltd. sold and distributed Flash

21 Memory to customers throughout the United States.

22         21.     Defendant Hitachi Electronic Devices (USA), Inc. is a wholly owned and

23 controlled subsidiary of Defendant Hitachi Ltd., and is a business entity with its principal place of

24 business located at 575 Mauldin Road, Greenville, South Carolina 29607. During the class period,

25 Hitachi Electronic Devices (USA), Inc. sold and distributed Flash Memory to customers throughout

26 the United States. Defendants Hitachi Ltd., Hitachi America Ltd. and Hitachi Electronic Devices

27 (USA), Inc. are referred to collectively herein as "Hitachi."

28

6

1          22.     Defendant Mitsubishi Electric Corporation is a business entity organized

2 under the laws of Japan, with its principal place of business located at Tokyo Building 2-7-3,

3 Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan. During the time covered by this Complaint,

4 Defendant Mitsubishi Electric Corporation sold and distributed Flash Memory to customers

5 throughout the United States.

6          23.     Defendant Mitsubishi Electric & Electronics USA, Inc. is a wholly owned

7 and controlled subsidiary of Mitsubishi Electric Corporation. Defendant Mitsubishi Electric &

8 Electronics USA, Inc. is a business entity organized under the laws of Delaware, with its principal

9 place of business located at 500 Corporate Woods Parkway, Vernon Hills, Illinois 60061. During

10 the time covered by this Complaint, Defendant Mitsubishi Electric & Electronics USA, Inc. sold

11 and distributed Flash Memory to customers throughout the United States. Mitsubishi Electric

12 Corporation and Mitsubishi Electric & Electronics USA, Inc. are referred to collectively herein as

13 "Mitsubishi".

14          24.     Defendant Mosel-Vitelic Corporation maintains its headquarters at No. 19 Li

15 Hsin Road, Hsinchu Science Based Industrial Park, Hsinchu, Taiwan. During the time covered by

16 this Complaint, Defendant Mosel-Vitelic Corporation sold and distributed Flash Memory to

17 customers throughout the United States.

18          25.     Defendant Mosel-Vitelic Corporation (USA) is a wholly owned and

19 controlled subsidiary of Mosel-Vitelic Corporation. Defendant Mosel-Vitelic Corporation (USA) is

20 a California corporation, with its principal place of business located at 3910 North First Street, San

21 Jose, California 95134. During the time covered by this Complaint, Defendant Mosel-Vitelic

22 Corporation (USA) sold and distributed Flash Memory to customers throughout the United States.

23 Mosel-Vitelic Corporation and Mosel-Vitelic Corporation (USA) are referred to collectively herein

24 as "Mosel-Vitelic".

25          26.     Defendant Winbond Electronics Corporation maintains its headquarters at 4,

26 Creation Road, 111, Science Based Industrial Park, Hsinchu, Taiwan. During the time covered by

27 this Complaint, Defendant Winbond Electronics Corporation sold and distributed Flash Memory to

28 customers throughout the United States.

7

1    27.    Defendant Winbond Electronics Corporation America is a wholly owned and

2  controlled subsidiary of Winbond Electronics Corporation. During the time covered by this

3  Complaint, Defendant Winbond Electronics Corporation America sold and distributed Flash

4  Memory to customers throughout the United States. Winbond Electronics Corporation and

5  Winbond Electronics Corporation America are referred to collectively herein as "Winbond".

6  **C.    Co-Conspirators**

7    28.    Various others, presently unknown to Plaintiff, participated as co-

8  conspirators with the Defendants in the violations of law alleged in this Complaint and have

9  engaged in conduct and made statements in furtherance thereof.

10    29.    The acts charged in this Complaint have been done by Defendants and their

11  co-conspirators, or were authorized, ordered or done by their respective officers, agents, employees

12  or representatives while actively engaged in the management of each Defendant's business or

13  affairs.

14    30.    Each of the Defendants named herein acted as the agent or joint venturer of

15  or for the other Defendants with respect to the acts, violations and common course of conduct

16  alleged herein. Each Defendant which is a subsidiary of a foreign parent acts as the sole United

17  States agent for Flash Memory made by its parent company.

18  **CLASS ACTION ALLEGATIONS**

19    31.    Plaintiff brings this suit as a class action pursuant Rules 23(b)(2) and 23(b)(3)

20  of the Federal Rules of Civil Procedure, on behalf of himself and a Plaintiff class ("the class")

21  composed of and defined as follows:

22
> All persons and entities residing in the United States who, from
> January 1, 1999 through the present, purchased Flash Memory in the
> United States indirectly from the Defendants for their own use and
> not for resale. Specifically excluded from this class are the
> Defendants; the officers, directors or employees of any Defendant;
> any entity in which any Defendant has a controlling interest; and any
> affiliate, legal representative, heir or assign of any Defendant. Also
> excluded are any federal, state or local governmental entities, any
> judicial officer presiding over this action and the members of his/her
> immediate family and judicial staff, and any juror assigned to this
> action.

23

24

25

26

27

28

8

1    32.    This action has been brought and may be properly maintained as a class

2    action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

3        a.    The class is ascertainable and there is a well-defined community of interest

4            among the members of the class;

5        b.    Based upon the nature of the trade and commerce involved and the number

6            of indirect purchasers of Flash Memory, Plaintiff believes that the members

7            of the class number in the thousands, and therefore is sufficiently numerous

8            that joinder of all class members is not practicable;

9        c.    Plaintiff's claims are typical of the claims of the members of the class

10            because Plaintiff indirectly purchased Flash Memory from one or more of the

11            Defendants or their co-conspirators, and therefore Plaintiff's claims arise

12            from the same common course of conduct giving rise to the claims of the

13            members of the class and the relief sought is common to the class;

14        d.    The following common questions of law or fact, among others, exist as to the

15            members of the class:

16            i.    whether Defendants formed and operated a combination or

17                conspiracy to fix, raise, maintain or stabilize the prices of, or allocate

18                the market for, Flash Memory;

19            ii.    whether the combination or conspiracy caused Flash Memory prices

20                to be higher than they would have been in the absence of Defendants'

21                conduct;

22            iii.    the operative time period of Defendants' combination or conspiracy;

23            iv.    whether Defendants' conduct caused injury to the business or

24                property of Plaintiff and the members of the class;

25            v.    the appropriate measure of the amount of damages suffered by the

26                class;

27            vi.    whether Defendants' conduct violates Section 1 of the Sherman Act;

28

9

CLASS ACTION COMPLAINT

1        vii.    whether Defendants' conduct violates Sections 16720 and 17200 of

2                the California Business & Professions Code;

3        viii.   whether Defendants' conduct violates the antitrust, unfair

4                competition, and consumer protection laws of the other states as

5                alleged below; and

6        ix.     the appropriate nature of class-wide equitable relief.

7    e.   These and other questions of law or fact which are common to the members

8         of the class predominate over any questions affecting only individual

9         members of the class;

10   f.   After determination of the predominate common issues identified above, if

11        necessary or appropriate, the class can be divided into logical and

12        manageable subclasses;

13   g.   Plaintiff will fairly and adequately protect the interests of the class in that

14        Plaintiff has no interests that are antagonistic to other members of the class

15        and has retained counsel competent and experienced in the prosecution of

16        class actions and antitrust litigation to represent himself and the class;

17   h.   A class action is superior to other available methods for the fair and efficient

18        adjudication of this litigation since individual joinder of all damaged class

19        members is impractical.  The damages suffered by individual class members

20        are relatively small, given the expense and burden of individual prosecution

21        of the claims asserted in this litigation.  Thus, absent the availability of class

22        action procedures, it would not be feasible for class members to redress the

23        wrongs done to them.  Even if the class members could afford individual

24        litigation, the court system could not.  Further, individual litigation presents

25        the potential for inconsistent or contradictory judgments and would greatly

26        magnify the delay and expense to all parties and to the court system.

27        Therefore, the class action device presents far fewer case management

28

10

1          difficulties and will provide the benefits of unitary adjudication, economy of

2          scale and comprehensive supervision by a single court;

3      i.     Defendants have acted, and refused to act, on grounds generally applicable to

4          the class, thereby making appropriate final injunctive relief with respect to

5          the class as a whole; and

6      j.     In the absence of a class action, Defendants would be unjustly enriched

7          because they would be able to retain the benefits and fruits of their wrongful

8          conduct.

9      33.    The claims in this case are also properly certifiable under the laws of the

10  State of California, and of the other individual states identified below in the Fourth and Fifth claims

11  for Relief.

12                          **NATURE OF TRADE AND COMMERCE**

13      34.    Flash Memory is a type of integrated circuit that can be electrically erased

14  and reprogrammed. Flash Memory is non-volatile meaning that it does not need continuous power

15  to maintain the information stored on the chip. Flash Memory is used in a variety of applications,

16  including memory cards, USB storage devices, digital audio devices, mobile wireless technology,

17  game consoles and personal computers. As used herein, the term "Flash Memory" means NAND

18  flash memory sold during the class period. For purposes of this Complaint, Flash Memory

19  excludes all types of static random access memory ("SRAM") or dynamic random access memory

20  ("DRAM") sold during the class period.

21      35.    Flash Memory is distinct from SRAM and DRAM because it does not need

22  continuous power in order to store data. As a result, flash memory has a broader application,

23  particularly with respect to memory cards, storage devices and portable electronic products.

24      36.    Throughout the period of time covered by this Complaint, Defendants and

25  their co-conspirators engaged in the business of marketing and selling Flash Memory throughout

26  the United States. During each year of the class period, total sales of Flash Memory were in the

27  billions of dollars.

28

11

1       37.     The market for the manufacture and sale of Flash Memory is conducive to

2 the type of collusive activity alleged here. That market is oligopolistic in nature. Samsung is the

3 clear market leader. According to the 2006 "Memory Market Backgrounder" available at its

4 website, the shares of the leading Flash Memory manufacturers in 2005 were as follows:

5
| | |
|---|---|
| Samsung | 52.9% |
| Toshiba | 21.9% |
| Hynix | 12.7% |
| Renesas | 6.8% |
| Micron | 2.2% |

8       38.     These five entities control over 96.5 % of the Flash Memory market.

9       39.     The market for the manufacture and sale of Flash Memory is subject to high

10 manufacturing and technological barriers to entry. Efficient fabrication plants are large and costly.

11 Flash Memory is also subject to technological advances, so that firms within the industry must

12 undertake significant research and development expenses.

13       40.     Further, Flash Memory is a homogenous product sold by Defendants and

14 purchased by Plaintiff and members of the class primarily on the basis of price.

15       41.     Manufacturers of electronic products and devices, and resellers of Flash

16 Memory modules purchase Flash Memory directly or indirectly from the Defendants. These

17 electronic products and devices and Flash Memory modules are then sold, directly or indirectly, to

18 consumers.

19       42.     California is the largest market in the world for Flash Memory and is the

20 world wide center of the high technology industry and other industries that depend upon Flash

21 Memory. Statements concerning the prices and market conditions for Flash Memory were

22 disseminated by Defendants from and into California on a regular and continuous basis.

23
## DEFENDANTS' ILLEGAL CONDUCT

24       43.     On information and belief, in October 2006, the Antitrust Division of the

25 United States Department of Justice ("DOJ") sent out subpoenas to 23 companies in connection

26 with an investigation of cartel activity in the SRAM industry from approximately 1998 through at

27 least 2005. Those companies include: Samsung, Hynix, Micron, Renesas and Toshiba. A DOJ

28 spokesperson was quoted as saying: "[t]he U.S. Department of Justice's antitrust division is

12

1 conducting an investigation regarding anti-competitive practices against chief SRAM

2 manufacturers." Several of these companies being investigated — Hynix and Samsung — have

3 already pled guilty to price-fixing in the DRAM industry and have paid substantial fines to the DOJ

4 for those unlawful activities (\$300 million for Samsung and \$185 million for Hynix). Elpida

5 Memory, Inc., a DRAM manufacturer created in part by Hitachi, one of the Defendants here, was

6 fined \$84 million. Micron, another major Flash Memory manufacturer, was the amnesty applicant

7 in the DRAM price-fixing investigation.

8          44.     On March 20, 2006, Hynix warned investors that the prices of NAND flash

9 memory could fall as much as 50% for the year. The very next day, Samsung reassured the market

10 that prices would recover and stabilize. As of August 2006, prices reportedly stabilized, in part, as

11 a result of reduced stocks from manufacturers. "Apple to spur NAND Flash Market, firm says,"

12 *Electronic News*, August 9, 2006.

13          45.     One commentator noted the pervasiveness of cartel activity among the

14 Defendants and others within the overall semiconductor industry: "'If the DOJ wanted to, it could

15 just go down every line in the semiconductor industry and find the same issue,' said Gartner Inc.

16 analyst Richard Gordon. 'That's because there are a relatively few number of suppliers in the chip

17 industry and an open flow of communication between competitors and customers, who may not

18 define price fixing the same way the DOJ does,' he said."

19 (<http://www.computerworld.com/action/article.do?command =viewArticleBasic&taxonomyName

20 =government&articleId =900556&taxonomyId =13&intsrc =kc_top>).

21          46.     Third-party information sources, such as DRAMeXchange (found at

22 <http://www.dramexchange.com>), allow Defendants to contemporaneously track each other's

23 Flash Memory prices.

24          47.     Collusive behavior within the highly concentrated Flash Memory market is

25 facilitated by membership of Defendants in the numerous trade organizations within the industry.

26 All of the Defendants are members of the Joint Electron Device Engineering Council ("JEDEC")

27 Solid State Technology Association, a standard-setting group for solid-state technologies, such as

28 Flash Memory. Hynix and Micron are among the founding members of the Open NAND Flash

13

1 Interface ("ONFI") group, whose purpose is to meet and discuss standards and production of

2 NAND Flash products. The ONFI group has also been in talks with Samsung with the aim of

3 having Samsung join as a member.

4         48.     Defendants and their co-conspirators have engaged in a contract,

5 combination, trust or conspiracy, the effect of which was to raise the prices at which they sold Flash

6 Memory to artificially inflated levels.

7         49.     Defendants, through their officers, directors and employees, effectuated the

8 aforesaid contract, combination, trust or conspiracy between themselves and their co-conspirators

9 by, among other things:

10            a.     participating in meetings and conversations, including through various trade

11                 associations and committees, to discuss the prices of Flash Memory in the

12                 United States;

13            b.     agreeing, during those meetings and conversations, to charge prices at

14                 specified levels and otherwise to increase and maintain prices of Flash

15                 Memory sold in the United States;

16            c.     issuing price announcements and quotations in accordance with the

17                 agreements reached; and

18            d.     selling Flash Memory to various customers in the United States at non-

19                 competitive prices.

20         50.     Defendants' contract, combination, trust or conspiracy was centered in,

21 carried out, effectuated and perfected mainly in the State of California. Therefore, all members of

22 the class, whether or not California residents, are entitled to recover under California law, as well as

23 the laws of their own states.

24         51.     While average Flash Memory prices began to decline somewhat at the end of

25 2001, the cartel created by Defendants operated to mitigate those declines so that prices were still at

26 supra-competitive levels. Defendants' collusive activity still continues and has had the effect of

27 keeping prices at supra-competitive levels.

28

14

1

**ACTIVE CONCEALMENT**

2    52.    Throughout and beyond the conspiracy, Defendants and their co-conspirators
3  affirmatively and actively concealed their unlawful conduct from Plaintiff. Defendants and their
4  co-conspirators conducted their conspiracy in secret and kept it mostly within the confines of their
5  higher-level executives. Defendants and their co-conspirators publicly provided pre-textual and
6  false justifications regarding their price increases. Defendants and their co-conspirators conducted
7  their conspiracy in secret, concealed the true nature of their unlawful conduct and acts in
8  furtherance thereof, and actively concealed their activities through various other means and
9  methods to avoid detection. Plaintiff did not discover, and could not have discovered through the
10  exercise of reasonable diligence, that Defendants and their co-conspirators were violating the
11  antitrust laws as alleged herein until shortly before this class action litigation was commenced.

12    53.    As a result of the active concealment of the conspiracy by Defendants and
13  their co-conspirators, any and all applicable statutes of limitations otherwise applicable to the
14  allegations herein have been tolled.

15

**VIOLATIONS ALLEGED**

16

**First Claim for Relief**

17

**(Violation of Section 1 of the Sherman Act)**

18    54.    Plaintiff incorporates and realleges, as though fully set forth herein, each and
19  every allegation set forth in the preceding paragraphs of this Complaint.

20    55.    Beginning at a time presently unknown to Plaintiff, but at least as early as
21  January 1, 1999 and continuing through the present, the exact dates being unknown to Plaintiff,
22  Defendants and their co-conspirators entered into a continuing agreement, understanding, and
23  conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for Flash
24  Memory in the United States, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

25    56.    In formulating and carrying out the alleged agreement, understanding, and
26  conspiracy, the Defendants and their co-conspirators did those things that they combined and
27  conspired to do, including but not limited to the acts, practices, and course of conduct set forth
28  above, and the following, among others:

15

1  a. To fix, raise, maintain and stabilize the price of Flash Memory;

2  b. To allocate markets for Flash Memory among themselves;

3  c. To submit rigged bids for the award and performance of certain Flash

4   Memory contracts; and

5  d. To allocate among themselves the production of Flash Memory.

6  57. The combination and conspiracy alleged herein has had the following effects,

7 among others:

8  a. Price competition in the sale of Flash Memory has been restrained,

9   suppressed, and/or eliminated in the United States;

10  b. Prices for Flash Memory sold by Defendants and their co-conspirators have

11   been fixed, raised, maintained and stabilized at artificially high, non-

12   competitive levels throughout the United States; and

13  c. Those that purchased Flash Memory directly or indirectly from Defendants

14   and their co-conspirators have been deprived of the benefits of free and open

15   competition.

16  58. Plaintiff has been injured and will continue to be injured in his business and

17 property by paying more for Flash Memory purchased indirectly from the Defendants and their co-

18 conspirators than they would have paid and will pay in the absence of the combination and

19 conspiracy, including paying more for personal computers and other products in which Flash

20 Memory is a component as a result of higher prices paid for Flash Memory by the manufacturers of

21 those products.

22  59. Plaintiff and the class are entitled to an injunction against Defendants,

23 preventing and restraining the violations alleged herein.

24      **Second Claim for Relief**

25     **(Violation of the California Cartwright Act)**

26  60. Plaintiff incorporates and realleges, as though fully set forth herein, each and

27 every allegation set forth in the preceding paragraphs of this Complaint.

28

16

1            61.     Defendants' contract, combination, trust or conspiracy was centered in,

2 carried out, effectuated and perfected mainly within the State of California, and Defendant's

3 conduct within California injured all members of the class throughout the United States. Therefore,

4 this claim for relief under California law is brought on behalf of all members of the class, whether

5 or not they are California residents.

6            62.     Beginning at a time presently unknown to Plaintiff, but at least as early as

7 January 1, 1999, and continuing thereafter at least up to and including the present, Defendants and

8 their co-conspirators entered into and engaged in a continuing unlawful trust in restraint of the trade

9 and commerce described above in violation of Section 16720, California Business & Professions

10 Code. Defendants, and each of them, have acted in violation of Section 16720 to fix, raise,

11 stabilize and maintain prices of, and allocate markets for, Flash Memory at supra-competitive levels.

12            63.     The aforesaid violations of Section 16720, California Business & Professions

13 Code, consisted, without limitation, of a continuing unlawful trust and concert of action among the

14 Defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain and

15 stabilize the prices of, and to allocate markets for, Flash Memory.

16            64.     For the purpose of forming and effectuating the unlawful trust, the

17 Defendants and their co-conspirators have done those things which they combined and conspired to

18 do, including but in no way limited to the acts, practices and course of conduct set forth above and

19 the following:

20            a.     to fix, raise, maintain and stabilize the price of Flash Memory;

21            b.     to allocate markets for Flash Memory amongst themselves;

22            c.     to submit rigged bids for the award and performance of certain Flash

23                   Memory contracts; and

24            d.     to allocate amongst themselves the production of Flash Memory.

25            65.     The combination and conspiracy alleged herein has had, inter alia, the

26 following effects:

27

28

17

1           a.     price competition in the sale of Flash Memory has been restrained,

2   suppressed and/or eliminated in the State of California and throughout the

3   United States;

4           b.     prices for Flash Memory sold by Defendants and their co-conspirators have

5   been fixed, raised, maintained and stabilized at artificially high, non-

6   competitive levels in the State of California and throughout the United States;

7   and

8           c.     those who purchased Flash Memory from Defendants and their co-

9   conspirators have been deprived of the benefit of free and open competition.

10         66.     Plaintiff and the other members of the class paid supra-competitive,

11  artificially inflated prices for Flash Memory.

12         67.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

13  and the members of the class have been injured in their business and property in that they paid

14  more for Flash Memory than they otherwise would have paid in the absence of Defendants'

15  unlawful conduct. As a result of Defendants' violation of Section 16720 of the California Business

16  & Professions Code, Plaintiff seeks treble damages and the costs of suit, including reasonable

17  attorneys' fees, pursuant to Section 16750(a) of the California Business & Professions Code.

18  **Third Claim for Relief**

19  **(Violation of the California Unfair Competition Law)**

20         68.     Plaintiff incorporates and realleges, as though fully set forth herein, each and

21  every allegation set forth in the preceding paragraphs of this Complaint.

22         69.     Defendants' business acts and practices were centered in, carried out,

23  effectuated and perfected mainly within the State of California, and Defendant's conduct within

24  California injured all members of the class throughout the United States. Therefore, this claim for

25  relief under California law is brought on behalf of all members of the class, whether or not they are

26  California residents.

27         70.     Beginning on a date unknown to Plaintiff, but at least as early as January 1,

28  1999, and continuing thereafter at least up through and including the present, Defendants

18

1 | committed and continue to commit acts of unfair competition, as defined by Sections 17200, *et seq.*
2 | of the California Business & Professions Code, by engaging in the acts and practices specified
3 | above.

4 |        71.      This Claim is instituted pursuant to Sections 17203 and 17204 of the
5 | California Business & Professions Code, to obtain restitution from these Defendants for acts, as
6 | alleged herein, that violated Section 17200 of the California Business & Professions Code,
7 | commonly known as the Unfair Competition Law.

8 |        72.      The Defendants' conduct as alleged herein violated Section 17200.  The acts,
9 | omissions, misrepresentations, practices and non-disclosures of Defendants, as alleged herein,
10 | constituted a common continuous and continuing course of conduct of unfair competition by means
11 | of unfair, unlawful and/or fraudulent business acts or practices within the meaning of California
12 | Business & Professions Code, Section 17200, *et seq.*, including, but not limited to, the following:

13 |      a.      The violations of Section 1 of the Sherman Act, as set forth above;

14 |      b.      The violations of Section 16720, *et seq.*, of the California Business &
15 |                 Professions Code, set above;

16 |      c.      Defendants' acts, omissions, misrepresentations, practices and non-
17 |                 disclosures, as described above, whether or not in violation of Section 16720,
18 |                 *et seq.* of the California Business & Professions Code, and whether or not
19 |                 concerted or independent acts, are otherwise unfair, unconscionable,
20 |                 unlawful or fraudulent;

21 |      d.      Defendants' act and practices are unfair to consumers of Flash Memory in
22 |                 the State of California and throughout the United States, within the meaning
23 |                 of Section 17200, California Business & Professions Code; and

24 |      e.      Defendants' acts and practices are fraudulent or deceptive within the
25 |                 meaning of Section 17200 of the California Business & Professions Code.

26 |        73.      Plaintiff and each of the class members are entitled to full restitution and/or
27 | disgorgement of all revenues, earnings, profits, compensation and benefits which may have been
28 | obtained by Defendants as a result of such business acts or practices.

1      74.    The illegal conduct alleged herein is continuing and there is no indication

2  that Defendants will not continue such activity into the future.

3      75.    The unlawful and unfair business practices of Defendants, and each of them,

4  as described above, have caused and continue to cause Plaintiff and the members of the class to pay

5  supra-competitive and artificially inflated prices for Flash Memory.  Plaintiff and the members of

6  the class suffered injury in fact and lost money or property as a result of such unfair competition.

7      76.    The conduct of Defendants as alleged in this Complaint violates Section

8  17200 of the California Business & Professions Code.

9      77.    As alleged in this Complaint, Defendants and their co-conspirators have been

10  unjustly enriched as a result of their wrongful conduct and by Defendants' unfair competition.

11  Plaintiff and the members of the class are accordingly entitled to equitable relief including

12  restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which

13  may have been obtained by Defendants as a result of such business practices, pursuant to the

14  California Business & Professions Code, Sections 17203 and 17204.

15  <center>**Fourth Claim for Relief**</center>

16  <center>**(Violation of State Antitrust and Unfair Competition Laws)**</center>

17      78.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

18  every allegation set forth in the preceding paragraphs of this Complaint.

19      79.    By reason of the foregoing, Defendants have entered into agreements in

20  restraint of trade in violation of Alabama Code §§ 8-10-1 *et seq*.

21      80.    By reason of the foregoing, defendants have entered into agreements in

22  restraint of trade in violation of Arizona Revised Stat. §§ 44-1401 *et seq*.

23      81.    By reason of the foregoing, defendants have entered into agreements in

24  restraint of trade in violation of California Bus. & Prof. Code §§ 16700 *et seq*. and Cal. Bus. & Prof.

25  Code §§ 17200 *et seq*.

26      82.    By reason of the foregoing, Defendants have entered into agreements in

27  restraint of trade in violation of District of Columbia Code Ann. §§ 28-4503 *et seq*.

28

20

1         83.     By reason of the foregoing, Defendants have entered into agreements in

2  restraint of trade in violation of Iowa Code §§ 553.1 *et seq.*

3         84.     By reason of the foregoing, Defendants have entered into agreements in

4  restraint of trade in violation of Kansas Stat. Ann. §§ 50-101 *et seq.*

5         85.     By reason of the foregoing, Defendants have entered into agreements in

6  restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§ 1101 *et seq.*

7         86.     By reason of the foregoing, Defendants have entered into agreements in

8  restraint of trade in violation of Michigan Comp. Laws. Ann. §§ 445.773 *et seq.*

9         87.     By reason of the foregoing, Defendants have entered into agreements in

10 restraint of trade in violation of Minnesota Stat. §§ 325D.52 *et seq.*

11        88.     By reason of the foregoing, Defendants have entered into agreements in

12 restraint of trade in violation of Mississippi Code Ann. § 75-21-1 *et seq.*

13        89.     By reason of the foregoing, Defendants have entered into agreements in

14 restraint of trade in violation of Nebraska Rev. Stat. §§ 59-801 *et seq.*

15        90.     By reason of the foregoing, Defendants have entered into agreements in

16 restraint of trade in violation of Nevada Rev. Stat. Ann. §§ 598A *et seq.*

17        91.     By reason of the foregoing, Defendants have entered into agreements in

18 restraint of trade in violation of New Mexico Stat. Ann. §§ 57-1-1 *et seq.*

19        92.     By reason of the foregoing, Defendants have entered into agreements in

20 restraint of trade in violation of North Carolina Gen. Stat. §§ 75-1 *et seq.*

21        93.     By reason of the foregoing, Defendants have entered into agreements in

22 restraint of trade in violation of North Dakota Cent. Code §§ 51-08.1-01 *et seq.*

23        94.     By reason of the foregoing, Defendants have entered into agreements in

24 restraint of trade in violation of the Pennsylvania common law.

25        95.     By reason of the foregoing, Defendants have entered into agreements in

26 restraint of trade in violation of South Dakota Codified Laws Ann. §§ 37-1 *et seq.*

27        96.     By reason of the foregoing, Defendants have entered into agreements in

28 restraint of trade in violation of Tennessee Code Ann. §§ 47-25-101 *et seq.*

21

1    97.    By reason of the foregoing, Defendants have entered into agreements in

2  restraint of trade in violation of Vermont Stat. Ann. 9 §§ 2453 *et seq*.

3    98.    By reason of the foregoing, Defendants have entered into agreements in

4  restraint of trade in violation of West Virginia §§ 47-18-1 *et seq*.

5    99.    By reason of the foregoing, Defendants have entered into agreements in

6  restraint of trade in violation of Wisconsin Stat. §§ 133.01 *et seq*.

7    100.    class Members in each of the states listed above paid supra-competitive,

8  artificially inflated prices for Flash Memory. As a direct and proximate result of Defendants'

9  unlawful conduct, such members of the class have been injured in their business and property in

10  that they paid more for Flash Memory than they otherwise would have paid in the absence of

11  Defendants' unlawful conduct.

12  <center>**Fifth Claim For Relief**</center>

13  <center>**(Violation of State Consumer Protection and Unfair Competition Laws)**</center>

14    101.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

15  every allegation set forth in the preceding paragraphs of this Complaint.

16    102.    Defendants engaged in unfair competition or unfair, unconscionable,

17  deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair

18  competition statutes listed below.

19    103.    Defendants have engaged in unfair competition or unfair or deceptive acts or

20  practices in violation of Alaska Stat. §§ 45.50.471 *et seq*.

21    104.    Defendants have engaged in unfair competition or unfair or deceptive acts or

22  practices in violation of Arkansas Code § 4-88-101 *et seq*.

23    105.    Defendants have engaged in unfair competition or unfair or deceptive acts or

24  practices in violation of California Bus. & Prof.. Code § 17200 *et seq*.

25    106.    Defendants have engaged in unfair competition or unfair or deceptive acts or

26  practices in violation of District of Columbia Code § 28-3901 *et seq*.

27    107.    Defendants have engaged in unfair competition or unfair or deceptive acts or

28  practices in violation of Florida Stat. § 501.201 *et seq*.

22

108.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Hawaii Rev. Stat. § 480 *et seq.*

109.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601 *et seq.*

110.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kansas Stat. § 50-623 *et seq.*

111.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Louisiana Rev. Stat. § 51:1401 *et seq.*

112.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Maine Rev. Stat. § 207 *et seq.*

113.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Montana Code § 30-14-1 01 *et seq.*

114.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Rev. Stat. § 59-1601 *et seq.*

115.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Mexico Stat. § 57-12-1 *et seq.*

116.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of CALIFORNIA Gen. Bus. Law § 349 *et seq.*

117.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of North Carolina Gen. Stat. § 75-1.1 *et seq.*

118.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Oregon Rev. Stat. § 646.605 *et seq.*

119.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Rhode Island Gen. Laws. § 6-13.1-1 *et seq.*

120.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of South Carolina Code Laws § 39-5-10 *et seq.*

121.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1 *et seq.*

23

1    122.    Defendants have engaged in unfair competition or unfair or deceptive acts or
2    practices in violation of 9 Vermont § 2451 *et seq*.

3    123.    Defendants have engaged in unfair competition or unfair or deceptive acts or
4    practices in violation of West Virginia Code § 46A-6-101 *et seq*.

5    124.    Defendants have engaged in unfair competition or unfair or deceptive acts or
6    practices in violation of Wyoming Stat. § 40-12-105.

7    125.    class Members in the states listed above paid supra-competitive, artificially
8    inflated prices for Flash Memory. As a direct and proximate result of Defendants' unlawful
9    conduct, Plaintiff and the members of the class have been injured in their business and property in
10   that they paid more for Flash Memory than they otherwise would have paid in the absence of
11   Defendants' unlawful conduct.

12                              **Sixth Claim for Relief**

13                   **(Unjust Enrichment and Disgorgement of Profits)**

14   126.    Plaintiff incorporates and realleges, as though fully set forth herein, each and
15   every allegation set forth in the preceding paragraphs of this Complaint.

16   127.    Defendants have been unjustly enriched through overpayments by Plaintiff
17   and class members and the resulting profits.

18   128.    Under common law principles of unjust enrichment, Defendants should not
19   be permitted to retain the benefits conferred via overpayments by Plaintiff and class members.

20   129.    Plaintiff seeks disgorgement of all profits resulting from such underpayments
21   and establishment of a constructive trust from which Plaintiff and class members may seek
22   restitution.

23                              **PRAYER FOR RELIEF**

24                   WHEREFORE, Plaintiff prays:

25   A.    That the Court determine that the Sherman Act, state antitrust law, and state
26   consumer protection and/or unfair competition law claims alleged herein may be maintained as a
27   class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

28

24

1    B.    That the unlawful conduct, contract, conspiracy or combination alleged

2  herein be adjudged and decreed to be:

3        1.    A restraint of trade or commerce in violation of Section 1 of the Sherman

4            Act, as alleged in the First Claim for Relief;

5        2.    An unlawful combination, trust, agreement, understanding, and/or concert of

6            action in violation of the state antitrust laws identified in the Second and

7            Fourth claims for Relief herein;

8        3.    Violations of the state consumer protection and unfair competition laws

9            identified in the Third and Fifth claims for Relief herein; and

10        4.    Acts of unjust enrichment as set forth in the Sixth Claim for Relief herein.

11    C.    That Plaintiff and the class recover damages, as provided by federal and state

12  antitrust laws, and that a joint and several judgment in favor of Plaintiff and the class be entered

13  against the Defendants in an amount to be trebled in accordance with such laws;

14    D.    That Defendants, their affiliates, successors, transferees, assignees, and the

15  officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming

16  to act on their behalf, be permanently enjoined and restrained from in any manner: (1) continuing,

17  maintaining, or renewing the conduct, contract, conspiracy or combination alleged herein, or from

18  entering into any other conspiracy alleged herein, or from entering into any other contract,

19  conspiracy or combination having a similar purpose or effect, and from adopting or following any

20  practice, plan, program, or device having a similar purpose or effect; and (2) communicating or

21  causing to be communicated to any other person engaged in the sale of Flash Memory, information

22  concerning bids of competitors;

23    E.    That Plaintiff be awarded restitution, including disgorgement of profits

24  obtained by Defendants as a result of their acts of unfair competition and acts of unjust enrichment;

25    F.    That Plaintiff and members of the class be awarded pre- and post-judgment

26  interest, and that that interest be awarded at the highest legal rate from and after the date of service

27  of the initial complaint in this action;

28

25

1    G.    That Plaintiff and members of the class recover their costs of this suit,

2  including reasonable attorneys' fees as provided by law; and

3    H.    That Plaintiff and members of the class have such other, further, and

4  different relief as the case may require and the Court may deem just and proper under the

5  circumstances.

6  DATED: 5\16\07

                                          THE TERRELL LAW GROUP
7                                         AMAMGBO & ASSOCIATES
                                          BLACKWELL & BLACKWELL
8                                         LAW OFFICES OF NWAJEI &
                                          COMPANY
9

                                     By:    Reginald Terrell
10

11                                        THE TERRELL LAW GROUP
                                          REGINALD TERRELL SB#127874
12                                        223 25th Street
                                          Richmond, CA 94804
13                                        Telephone: 510-237-9700
                                          Facsimile: 510-237-4616
14
                                          AMAMGBO & ASSOCIATES
15                                        DONALD AMAMGBO
                                          7901 Oakport Street, Suite 4900
16                                        Oakland, CA 94621
                                          Telephone: 510-615-6000
17                                        Facsimile: 510-615-6025

18                                        BLACKWELL & BLACKWELL
                                          JUDITH BLACKWELL
19                                        584 Valla Vista Avenue
                                          Oakland, CA 9410
20                                        Telephone: 510-689-8888
                                          Facsimile: 510- 835-2848
21

22                                        LAWRENCE D. NWAJEI
                                          LAW OFFICES OF NWAJEI &
23                                        COMPANY
                                          4221 Wilshire Blvd., Suite 392
24                                        Los Angeles, CA 90010
                                          Telephone: 323-549-0201
25                                        Facsimile: 323-549-0211
26

27
                                          Attorneys for Plaintiff
28                                        Jacob Greenwell

26

1

## JURY TRIAL DEMAND

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

3    trial by jury for all issues so triable.

4    DATED: 3\16\07

5                                                            THE TERRELL LAW GROUP
                                                            AMAMGBO & ASSOCIATES
                                                            BLACKWELL & BLACKWELL
6                                                            LAW OFFICES OF NWAJEI &
                                                            COMPANY

7

8                                                      By: _Reginald Terrell_____

9                                                            THE TERRELL LAW GROUP
                                                            REGINALD TERRELL SB#127874
10                                                           223 25th Street
                                                            Richmond, CA 94804
11                                                           Telephone: 510-237-9700
                                                            Facsimile: 510-237-4616
12
                                                            AMAMGBO & ASSOCIATES
13                                                           DONALD AMAMGBO
                                                            7901 Oakport Street, Suite 4900
14                                                           Oakland, CA 94621
                                                            Telephone: 510-615-6000
15                                                           Facsimile: 510-615-6025

16                                                           BLACKWELL & BLACKWELL
                                                            JUDITH BLACKWELL
17                                                           584 Valla Vista Avenue
                                                            Oakland, CA 9410
18                                                           Telephone: 510-689-8888
19                                                           Facsimile: 510- 835-2848

20                                                           LAWRENCE D. NWAJEI
                                                            LAW OFFICES OF NWAJEI &
21                                                           COMPANY
                                                            4221 Wilshire Blvd., Suite 392
22                                                           Los Angeles, CA 90010
                                                            Telephone: 323-549-0201
23                                                           Facsimile: 323-549-0211
24

25                                                           Attorneys for Plaintiff
26                                                           Jacob Greenwell

27

28

27